## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STRYKER CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   C.A. No. 25-282-JLH |
| STYKER ENDOSCOPE CAMERA | ) |
| SYSTEM DEVELOPMENT AND | ) |
| DESIGN LLC, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM

This matter is before me on Plaintiff's Motion for Default Judgment and Attorneys' Fees. (D.I. 14.)  I have read the relevant briefing and declarations (D.I. 10, 15–16), the complaint (D.I. 1), as well as the letter filed by Defendant (D.I. 12).  For the reasons explained below, Plaintiff's Motion will be GRANTED.

### I.      BACKGROUND

1.      Plaintiff sued Defendant alleging infringement of Plaintiff's trademark rights in its use of the mark "STYKER."  (D.I. 1, "Compl.")

2.      Plaintiff is a medical technology company selling various medical products and services.  (Compl. ¶¶ 10, 12.)  Per the Complaint, Plaintiff has been using the mark "STRYKER" since at least 1942 and operates its business across 75 countries.  (Compl. ¶¶ 16, 11.)

3.      Upon learning of Defendant's allegedly infringing website domain, Plaintiff filed for arbitration resolution in a standard arbitration forum used to contest domain names.  (Compl.

¶ 30.)  Specifically, Plaintiff challenged Defendant's use of the domain "www.stykerr.com"[1] as being confusingly similar to Plaintiff's own domain.  (Compl. ¶ 30; D.I. 15, "Pl. Br.," at 3.) Defendant responded to the allegation and participated in arbitration.  (Compl. ¶¶ 33–35.)  The ruling panel ("The Panel") found for Plaintiff, holding that Defendant's mark was "confusingly similar" (D.I. 16, "Franco Decl.," Ex. B at 14); that Defendant could not establish rights or legitimate interests in its mark (*id*. at 16); and that Defendant acted in bad faith (*id*. at 17–18.)  The Panel ordered that Defendant's domain be transferred to Plaintiff.  (*Id*. at 19.)

4.      Two days after The Panel's ruling, Defendant changed its website to "styker-endoscopy.com" and continued to use the "STYKER" mark on its website.  (Compl. ¶ 38.)  Given what Plaintiff viewed as a disregard for The Panel's ruling, Plaintiff filed suit.  (Pl. Br. at 4.) Thereafter, the parties engaged in settlement discussions that ultimately reached an impasse.  (Pl. Br. at 5; D.I. 10, "Arnold Decl.," ¶ 5.)  On May 22, 2025, Plaintiff advised Defendant it would request entry of default if the case was not resolved by May 30, 2025.  (Arnold Decl. ¶ 8.)  The following day, Defendant advised Plaintiff it was permanently closing the email address the parties had been using to communicate ("info@styker-endoscopy.com") and to consider this the last communication to Plaintiff.  (*Id*. ¶ 9.)

5.      On June 20, 2025, Plaintiff obtained a clerk's entry of default based on Defendant's failure to respond to the Complaint.  (D.I. 11.)  On June 30, 2025, Defendant wrote a letter to the Clerk of Court asserting that it had changed the name of its business to "Starvix" and had "permanently ceased using the name 'STYKER' in any way."  (D.I. 12, "Def. Ltr.")  Defendant further requested that the matter be "considered resolved" based on these assertions.  (Def. Ltr.)

---

[1] Defendant registered this domain name on May 10, 2023.  (Compl. ¶ 29.)

Plaintiff, however, has provided evidence that in July 2025, Defendant was still using product images containing the mark "STYKER" on its website.  (Franco Decl., Ex. D.)

6.      Defendant now seeks default judgment, a permanent injunction against Defendant's use of the mark "STYKER," and attorneys' fees and costs.  (Pl. Br. at 2.)

## II.      LEGAL STANDARDS

7.       Entry of default judgment is a two-step process.  *Tristrata Tech., Inc. v. Med. Skin Therapy Rsch., Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010).  First, the party seeking a default judgment must request that the Clerk of Court enter default against the party that has failed to answer the pleading or otherwise defend itself in the action.  Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, No. 14-1170, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016).  After default has been entered, a plaintiff may obtain a default judgment.  Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1.  If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of Court.  Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1.  Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment."  *Tristrata Tech.*, 270 F.R.D. at 164.

8.      Courts have discretion over whether to enter a default judgment in a particular case.  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  For purposes of this determination, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  *Genedics, LLC v. Meta Co.*, No. 17-1062, 2019

WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)) (internal quotation marks omitted).

9.      To recover attorneys' fees in the trademark infringement context, a party must demonstrate an "exceptional case."  15 U.S.C. § 1117(a).  An exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Lontex Corp. v. Nike, Inc.*, 107 F.4th 139, 156 (3d Cir. 2024) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)) (internal quotation marks omitted); *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (eliminating the first step of the traditional "two-step process" that required a finding of culpability on the part of the non-prevailing party).  In determining whether a case is exceptional, courts must employ a "case-by-case exercise of their discretion, considering the totality of the circumstances."  *Fair Wind Sailing*, 764 F.3d at 315 (quoting *Octane Fitness,* 572 U.S. at 554) (internal quotation marks omitted).

## III.    MOTION FOR DEFAULT JUDGMENT

10.     The Clerk of Court entered default in this case on June 20, 2025.  (D.I. 11.)  It is now for the Court to determine whether Plaintiff is entitled to default judgment.  It is.

11.     Defendant has not asserted any potential defenses.  That alone is sufficient to conclude that Defendant doesn't appear to have a "litigable defense."  *See J & J Sports Prod., Inc. v. M&I Hosp. of Del., Inc.*, No. 15-353, 2018 WL 6040254, at *2 (D. Del. Nov. 19, 2018) ("It is not apparent that [defendant] has a litigable defense given its failure to respond to the action."); *Am. Bridal & Prom Indus. Assn., Inc. v. Jollyprom.com*, No. CV 17-2454, 2018 WL 1226106, at *3 (D.N.J. Mar. 9, 2018) ("Where a defendant has not responded and there are no defenses

4

reflected in the record, courts cannot say whether a meritorious defense exists and are permitted to presume that none exists.").

12.     Plaintiff has also established it will be prejudiced if judgment is denied because it is otherwise hindered from pursuing its claims, given Defendant's cessation of communication with Plaintiff and refusal to participate in this litigation. *See Turner v. Corr. Med. Serv., Inc.*, 262 F.R.D. 405, 407 (D. Del. 2009) ("Prejudice is established . . . when a plaintiff's 'ability to pursue the claim has been hindered . . . .'") (quoting *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir. 1982)).  Last, it is clear Defendant's delay in this case is due to its own culpable conduct. Conduct is "culpable" when it's "taken willfully or in bad faith."  *Chamberlain*, 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983)) (internal quotation marks omitted).  Defendant has acknowledged that it's aware of the proceeding but has simply decided not to participate in any meaningful way.  Defendant's letter confirms as much. (Def. Ltr.)  Plaintiff has thus established all three *Chamberlain* factors and default judgment is appropriate.

## IV.     MOTION FOR ATTORNEYS' FEES

13.     Finally, I find that "the substantive strength of [Plaintiff's] litigating position" makes this case exceptional.  *Lontex Corp.*, 107 F.4th at 156.  Plaintiff has used its registered mark in commerce since 1942 across 75 countries; Stryker is a well-known and reputed company. (Compl. ¶¶ 18–19; Pl. Br. at 2.)  In 2023, Defendant registered its company domain name as "stykerr.com" and proceeded to use a logo on its product images very similar to that of Plaintiff's. Defendant was put on notice by the arbitration panel that its use of "stykerr.com" was improper

given Plaintiff's valid claim to the mark "STRYKER."[2]  Nevertheless, two days later, Defendant simply changed its domain name to "styker-endoscopy.com"[3] and continued using the mark "STYKER" on its website.  Based on the totality of facts alleged in the record—including Defendant's apparent willfulness, culpable conduct, and refusal to litigate this case[4]—I find this case to be exceptional and will award Plaintiff its reasonable attorneys' fees and costs.

V.      CONCLUSION

14.      For the foregoing reasons, Plaintiff's Motions for Default Judgment and Attorneys' Fees will be granted.  A separate order will be entered.

Dated: March 25, 2026

_____
The Honorable Jennifer L. Hall
United States District Judge

---

[2] While the arbitration panel's decision is not binding on this Court, I do find its ruling persuasive and that it provides relevant context in light of Defendant's subsequent actions.

[3] Endoscopy is the exact business Plaintiff engages in.  (*See* Compl. ¶ 24.)

[4] *See Cosmetic Warriors Ltd. v. Nailush LLC*, Civil No. 17–1475, 2017 WL 5157390, at *7 (D.N.J. Nov. 6, 2017) (finding that defendant "litigated this case in an unreasonable manner because it both *failed* to litigate and acted culpably by continuing its infringement of [plaintiff's] trademark long after it had knowledge that its mark was confusingly similar . . . .") (emphasis in original).